Good morning, and on behalf of my colleagues, Judge Graber and Judge Bea, and myself, welcome to the Ninth Circuit. Judge Bea will be participating by video. Judge Bea, can you hear us? Certainly, I can. Great. Okay, so we have one case on the argument calendar today, but we have submitted a number of cases without argument. The cases we have submitted are Nahashon Najiro v. Bondi, Oroz Moreno v. Bondi, United States v. Work, Cunda v. United Airlines, and Rodriguez Mendoza v. Bondi. All of those cases are submitted on the briefs. With that, as I said, we have one case on the argument calendar, and that is Chairez v. Mayorkas. And counsel, when you are ready, you may proceed. And each side has 15 minutes for argument. Good morning. May it please the court and counsel, my name is Niko Ratkowski, and I'm here on behalf of the appellant, Mr. Vera Chairez. I would ask the court to reserve five minutes for rebuttal, should it be necessary. The case before the court involves very voluminous and complicated factual issues, but the court isn't in a position to be able to address most of those factual issues because the administrative record was never submitted in this case, despite the appellant's vigorous opposition to that  And that's important because this is a case involving the Administrative Procedure Act that is based and premised on the administrative record that should have been placed before the district court, specifically the administrative record that was before the Secretary of Homeland Security. The Supreme Court case of Overton Park made it abundantly clear that any sort of Administrative Procedure Act review, especially at a motion to dismiss stage, needs to be based on the full administrative record, or at least those portions of the administrative record cited by the parties. As I read 5 U.S.C. 701 A.1, the APA does not apply where statutes preclude judicial review. Is that correct? That is absolutely correct, Your Honor. But we Based on the statute precludes judicial review? So, our position, Your Honor, is that the INA does not preclude judicial review in this case. And so I'm happy to jump into that if that would be I actually have a couple of questions about that. The district court, in the alternative to saying that there was no judicial review said assuming that constitutional claims can still be brought, there's no allegation of a colorable constitutional claim on the merits. And I know you don't agree with that proposition that there's not a colorable claim, but if we were to conclude that the district court had it right and there is not a colorable claim, wouldn't that dispose of this case? That's a great question, Your Honor, and it depends on whether or not the savings clause would apply of 1252 A.2.D. If the savings clause applies, then that would address legal or constitutional issues. To the extent that there is an abuse of discretion that is inherent in the decision, then you would not necessarily need a constitutional issue in order for the savings clause to apply. Because you think abuse of discretion is a legal claim and not a factual claim? I think that it's a mixed claim, Your Honor. There's facts that rise to the level of an abuse of discretion. The other question I have is whether I understand correctly that your client is in removal proceedings? That is correct, Your Honor. And is there any impediment in that proceeding to bringing factual, constitutional, or legal claims, essentially whatever you would like to bring? There is, and that is part of what makes this so important in this context. There is no ability for him to have his waiver application decided by an immigration judge or by the Board of Immigration Appeals. The USC... I'm sorry, we can't hear you, Judge Baer. Can it be waived by the Attorney General? No, it cannot be decided. So the D-3A waiver can be decided by the Attorney General, but the D-14 waiver is reserved by statute specifically for the Secretary of Homeland Security. And the transitional provision that says Attorney General means Homeland Security Secretary does not go in the reverse direction. But if you raise that claim before the agency and you lose and you petition the Court of Appeals for review, you can try to raise a constitutional claim there, right? It's conceivable that it could be raised, but the channeling provisions is what gives me pause there because the issue couldn't actually be decided by the immigration court or the board. So therefore, we can only review what the BIA does. So if the BIA can't do it, presumably we can't either. Exactly. But you could raise a claim that says before the Court of Appeals on appealing any removal order, if there were a removal order, you could claim that the whole system is unconstitutional because it deprives you of the right to raise that claim. We could, Your Honor. I mean, you would run into possibly the problem the Supreme Court identified in Patel, which is there may be Congress may have designed a system where you just can't raise that anywhere. But I mean, that's not before us because you haven't been ordered removed and you haven't filed a petition to set that aside in the Court of Appeals, right? Correct. Yes. His BIA case is still pending. A motion to remand has been filed. I don't expect that we'll get a decision on that motion to remand anytime soon, but, you know, who knows? And so, you know, I think that the court's right to kind of look at the constitutional issues here because if there's no legal claim, assuming, you know, there is a no colorable constitutional or legal question, then I think that alternate basis does support affirming the district court. You know, the APA doesn't matter if there's no jurisdiction. So you're familiar with the Vega case? I am, Your Honor. All right. So why isn't the legal issue here the same? I mean, the issue of whether there's jurisdiction, why isn't it the same here with the same mandated result as in Vega? What is, in your view, the difference that would allow us to reach a different result in the Vega court? So that's a great question. And I think it is the same in part, but it's not the same in part. It is the same to the extent that both the Vega case and this case involve a request for a waiver under D3A. Vega, I think, controls with respect to that D3A waiver request. And Vega says that they have sole and unfettered discretion in that context. But what Vega also says is that it prevents review of sole or unfettered discretion, but not of limitations or qualifications on discretion. And what we're submitting is that under the waiver request under D14, that the limitation or qualifying language is in the national or public interest. And while I understand that the national interest has been construed to be so formless that it really has no inherent meaning and basically results in pure or unfettered discretion, this court has previously construed the public interest to be a revealable standard. And that goes back to the 1979 Keating v. FAA case of 610 F. Second at 611, where this court found that in the public interest does allow for meaningful judicial review under the Administrative Procedure Act. So, so long as jurisdiction is not deprived by the INA, there is a standard to apply with the D14 case that takes us outside the realm of Vega. And why does the INA not bar review? So, most of the jurisdiction stripping cases with the INA have dealt with 212A2BI, which deals with any case respecting a 1255 adjustment of status petition or a cancellation of removal petition. But the statutes at issue in this case don't fall into that first prong. And so that one just doesn't apply. In the second prong, though, we have any other actions specified to be discretionary, which the Supreme Court has interpreted in the Kukana case to require some sort of statutory specificity that discretion is inherent. That's not the way I read Judge Barrett's opinion in Patel. She talks about the discretionary power as being a matter of mercy or grace. That means that it can be held or withheld like a gift. Isn't that right? It is in the context of Patel, which was dealing with a different subdivision, but we can't collapse the two subdivisions upon each other or else we deprive them of independent meaning. And for that first subdivision is talking about the grace inherent in an adjustment of status application or in one of those other listed discretionary applications. And so you have both the element of discretion inherent in the form of relief being requested, and you have the specific statutory cross reference saying there's no jurisdiction over these. And that combination is important, but you don't run into the same combination in the second subsection because there's no statutory cross reference. It only pertains to things that are specified by statute to be discretionary. Is it your position that in the public interest limits the discretion of the agency more than just plain discretion? I think it does, Your Honor. Also, do you have any case statement? Again, I would refer to the Keating v. FAA case of 610 F. 2nd, 611, which was a Ninth Circuit case from 1979 and is cited in the briefs and was cited again with approval in the recent Perez-Perez v. Wolf case from 2023 in this court. And how is that discretion limited in the public interest more than plain merciful or grace discretion? So the way the Keating and Perez-Perez cases kind of break that down is, you know, the Secretary may have a lot of discretion to decide whether or not something's in the public interest or whether they consider it to be in the public interest. But if they are denying an application, not because of it not being in the public interest, but instead because of political disinclination, then that is not a legal decision and it is not subject to judicial review under this court's precedence. The public interest doesn't allow the executive to consider political ramifications? It could, but not necessarily to prevent judicial review in all cases. You know, there might be an issue where under a summary judgment standard, maybe the political ramifications that are considered are sufficient to survive review. But if, let's say, the Secretary of Homeland Security decided to deny every single I-192 waiver application because they don't believe that Congress should have the authority to allow for waivers. What if it's done for all women because the Secretary doesn't like women and that's the sole reason for denying waivers? I mean, I think the political one is harder because then you get into what is in the public interest. But if there's an exercise that's clearly for some reason that is outside that or anyone who's taller than five feet nine or something truly arbitrary. Yeah, I think the courts hit the nail on the head there. This is why it's so important that there be judicial review when something cannot be channeled through the immigration courts. If this application could be channeled through the immigration courts up to this court through a petition for review, we wouldn't be here right now. This would be premature. But because the immigration courts cannot consider that, if there is no judicial review in this case, it allows USCIS to deny equal protection. It allows USCIS to deny due process because it puts them above the Constitution by denying any independent judicial review. Counsel, this is sort of neither here nor there, but the immigration court where your compliance removal proceedings are pending, where is that located? I believe Oregon, but I only filed my appearance. But in a state in the Ninth Circuit? Yes. All right. Why can't the immigration courts, again, explain to me why can't the immigration courts consider such an arbitrary determination as put by Judge Graber? They don't have jurisdiction, Your Honor. The Immigration Nationality Act deprives them of jurisdiction because the waiver application at issue under 8 U.S.C. 1182 D-14, Congress gave sole jurisdiction over those applications to the Secretary of Homeland Security. And so the immigration court cannot adjudicate those. Let me ask you one thing. Under 1182 D-3A, the Attorney General has the power, discretion to grant the waiver. Why wouldn't that waiver be just as good as a waiver granted by the DHS? They're different waivers with different standards, Your Honor. And so the D-3A waiver, an immigration judge can review, at least in various circuits they can, and I believe in the Ninth they can, in the Seventh they can. Have you made an application to the AG for that kind of a waiver? Say that one more time, Your Honor? Have you applied to the AG for that kind of a waiver? There is a request for a remand to the immigration court, which would allow us to request that  But the Board of Immigration Appeals could not grant that in the first instance. And I think more importantly, even if that kind of waiver is available, it doesn't affect the issue before the court, which is whether or not the D-14 waiver is subject to judicial review when it's been deemed to be denied in the exercise of discretion that relies on an abuse of discretion or unconstitutional decision making. And I do see that my time's basically up. And so I want to respect the court's time. Unless the court has any other questions, I would cede the rest of my time. All right. And we'll give you two minutes for rebuttal. I appreciate that. All right. We'll hear from the government. Good morning, Your Honors. May it please the Court. Lauren Fassette on behalf of the United States Government. Here the district court correctly held that 8 U.S.C. 1252 A2B2 strips it of jurisdiction to review USCIS's discretionary denial of petitioner's request for a waiver of inadmissibility under 1182 D-14. And then because he did not receive the inadmissibility waiver, he was ineligible for a U visa and the district court properly dismissed that claim under B-6 failure to state a claim. Counsel, do you agree with your friend on the other side that this issue cannot be raised in the removal proceeding itself or to this court if he has to bring an appeal or petition for review, sorry, from a BIA decision? I agree that 1252 A2D does not apply in this case. It would only apply in a petition for review. And the D-14 waiver cannot be granted by the board or the immigration judge. But none of that matters. The only issue in front of this court that this court needs to decide is whether the district court or this court had jurisdiction to review the inadmissibility waiver. Well, counsel, we decide what it is we need to decide. I want to be sure I understand your position. Is there any effective way for this petitioner to receive substantive review of the denial of the D-14 waiver through the removal proceeding or on review of the removal proceeding? Well, the waiver itself is a discretionary denial, so there wouldn't be any review. And I don't believe, as the petitioner said, that the immigration judge I'm asking for a procedural answer, not a substantive answer. I know you think that nobody can review this, but assume that there is a standard sufficient to permit constitutional review somewhere. Where is the somewhere? I would argue, yes. If in a petition for review for a court of appeals, if a petitioner had a constitutional claim or an issue, legal issue with some procedure that happened, that could, in theory, be raised. Including the denial of the D-14 waiver? I think it's unclear, Your Honor, because the D-14 waiver, if there was a colorable constitutional legal claim, perhaps he could raise it. I don't know what this court would do. But ultimately, because it's a discretionary denial, I would say that there would be no point. Well, either he can or he can't raise it in that. And if the government's view is he can raise it in the removal proceeding. And I assume that you will tell that to the BIA, that that's the government's position. And so I'm looking for your official position on whether that is reviewable, a constitutional claim that a D-14 waiver was improperly denied can be raised in the removal proceeding. That's a yes or no. My understanding would be no, but because that's not directly an issue, I don't want to speak for what the Attorney General would do in that situation. But again, no. I mean, the D-14 waiver can only be granted by USCIS and it's discretionary. And so I don't see why or how that would be able to be reviewed. Well, the Supreme Court said in Patel, it's possible that Congress intended that some decisions aren't reviewable anywhere. But the Supreme Court said that's not before us, so we don't have to decide it. And it's not before us, right? Yes, Your Honor. I mean, if the plaintiff were ordered removed and if he filed a petition for review in the Ninth Circuit, and if he raised before that panel the constitutionality of a scheme, which theoretically wouldn't allow him to raise constitutional issues anywhere, that would be for that panel to decide, yes? That's correct, Your Honor. Yes. I mean, here, we're only discussing a discretionary waiver of an admissibility for a U visa. This has nothing to do with his removal proceedings or anything that he may raise in terms of another avenue for relief from removal. Here, although plaintiff raises a lot of tangential issues, the real crux is that the district court was correct that under 1252A2B2, the discretionary determination is not reviewable. And I will go through the statute at 1182B14. I'd like you to respond to a question that I also asked your friend on the other side, and that is the district court made an alternative ruling that even assuming that there is judicial review, there's no colorable constitutional claim here. Do you agree that, as I understood counsel, that would be a complete answer to this case and we would never have to reach the statutory construction or other claims about jurisdiction? Do you agree with that? I agree that if the court were to go that route, that that would foreclose the case, yes. If there's no colorable constitutional claim, there's nothing to review. But I would pivot back to the court should first address the jurisdictional issue. The Supreme Court has suggested that jurisdiction always comes first, yes? Yes, Your Honor. And following along that, the waiver, the admissibility waiver at D14 says USCIS in its discretion, specifically says discretion, may waive a ground of admissibility if it considers it to be in the public or national interest. And Supreme Court and case law from this circuit shows that that is clearly a discretionary statute. The word may has the usual presumption of discretion. It's a permissive word. This court found that in vega. It clearly connotes discretion that was discussed in the Supreme Court's recent decision in Boarfa, considers it to be, leaves the criteria up to agency judgment. This is a broad grant of authority and it exudes deference. It's similar to the word deems where this court in Porcina discussed how that connotes that USCIS determination involves a measure of judgment. Most importantly, there is no standard within the waiver provision that would provide a legal standard or standard of review for any court to assess. Why isn't the public interest a standard? Yes, Your Honor. It's something that we look at regularly, for example, in connection with things like the winter factors, whether something is in the interests of the public to go one way or another. It's something that courts do all the time. Correct. In this situation, the statute is written so that this should be a discretionary determination. And that's not the question. The question is whether it's a workable standard for a court to apply. No, not in this case, because the statute does not list any workable factors and it very clearly connotes that this should be a discretionary determination. So you don't think that the idea of the public interest is a standard that a court could apply? While it may be generally, under this statute, it is written to show that the agency's judgment is the only source for a standard. There is no standard. It's a broad sort of economic— That's circular, counsel. It's either a workable standard or not. And if it is a workable standard, you still may be right, but it isn't non-workable just because there's jurisdiction stripping. I understand, Your Honor. But in this situation, the government's position is there is no workable standard, that this is a very broad sort of economic and national security consideration. And as this court in Porcina discussed in terms of the national interest— Where do you see economic? When it would come to anything with the public or national interest, it's very vague. It's very broad. And there wouldn't be any standard for this court to assess. And the Supreme Court, as well as this court in Porcina, discussed that where there is sort of path or condition or limitation or criteria laid out, then there is no governing standard for a court to review. In Porcina, they looked at specifically the national interest, and there found that that was also completely discretionary, had no workable standard, and thus review was barred by B-2. And that same reasoning should be applied here. So both because there is no workable standard and everything in this statute is discretionary, just like this court found in Vega, this provision should be barred by 1252A2B2, just in the same way that the D-3 waiver was also found to be barred by B-2 because it said may and had the words indiscretion in USCIS' discretion. And that's what we have here. So there is just nothing for plaintiff doesn't present any argument. This is not a discretionary determination. He raises other arguments that are, again, sort of tangential or avoid this issue by going to the APA. But as discussed, the APA has an exception where it doesn't apply if a separate statute precludes judicial review. And here, 1252A2B2 directly and clearly precludes review of a discretionary determination. And the D-14 waiver, as I just discussed, is a discretionary determination for all those reasons. So the district court was correct in finding it didn't have jurisdiction to review this discretionary waiver of inadmissibility. With regard to whether 1252A2D would allow any constitutional claims, I know we discussed this already, but again, that wouldn't apply in this case. That would only be in a petition for review. And ultimately, plaintiff is just disagreeing with the discretionary determination. And he can't sort of cloak that in constitutional garb and change that reality. But even if there were, if the court could look at a constitutional challenge, he hasn't even stated a due process claim here because there is no due process claim to discretionary relief. And there's no claim to certain procedure for adjudicating a discretionary benefit. Is there a position, counsel, that if the alien here were able to show that the decision maker in the Department of Homeland Security was bribed, was a sizable bribe by his enemy, the alien's enemy, that that would not be a basis for a constitutional procedural due process claim? Well, those are certainly not the facts of this case. Taking the question again, the denial is completely discretionary. So, yes, the Supreme Court. Decision maker admits to have been bribed. I can't answer if there was an admission of bribe, but ultimately, this denial is discretionary. And the Supreme Court has said that there are situations where a discretionary determination may be unreviewable and that Congress may have intended to close that door in the way that they wrote the statute. I mean, 1252A2B2 is very clear that it bars review of discretionary determinations. So there's no way around that, unfortunately, for plaintiff. And because of that, the district court was correct in denying, dismissing the claims. Because his claim of bias can, again, I'm going to ask a question that Judge Graber asked you. The position of the government is that his claim of bias cannot be adjudicated in the removal proceeding? A challenge to the discretionary waiver could not be reviewed. So things that would stem from that also would not be reviewed in the immigration court. Yes, Your Honor. But again, is it says that or is it just your reading of the statutes? Well, yes, Your Honor. Starting with the Supreme Court's decision in Patel discussing that the court may have foreclosed, sorry, that Congress may have foreclosed any review of discretionary relief entirely. And then in Buarfa, the Supreme Court again talked about the sort of broad grant of discretion and where there's no specific criteria, that those decisions are also barred by B2. So ultimately, both this court's jurisprudence as well as the Supreme Court support the district court's decision here. The district court was correct in finding that there was no jurisdiction to review the discretionary determination that he was inadmissible for the waiver and then rightly dismissed the challenge to the U visa because as plaintiff concedes, he's ineligible. He didn't receive the waiver and thus would be ineligible for a U visa. So while, of course, this court can look at anything they want, the case is easily disposed of by determining that there is no jurisdiction to review a discretionary denial of a waiver and that really ends all of the issues here. If there are no further questions. Thank you, counsel. Rest on the briefs. Thank you. And as I said, we'll give you two minutes for rebuttal. So for starters, Congress knows how to write a statute that gives the secretary sole discretion over something. It's done it repeatedly in the Immigration and Nationality Act. It says the secretary has sole unreviewable discretion over this. In D14, that's not what Congress wrote. Congress wrote the secretary may grant a waiver if they consider it to be in the national or public interest. That is not sole or unreviewable discretion. That is a qualification on the secretary's discretion. And to the extent we're talking about the public interest, it provides meaningful standards for review. Aside from the Keating case and the Perez-Perez case, there's also this court's recent case from 2024, Jujati v. U.S. Customs and Border Protection, 102, F-4, 1011, 1019-20, which, again, cited Keating with approval and extended the public interest meaningful standard holding to a regulation concerning and conditioning Customs and Border Patrol's discretion on a low-risk standard that was used to limit discretion. So this standard has been applied in the context of the Immigration and Nationality Act recently by this court. It certainly is a meaningful standard, and it provides enough of a standard to get out of the jurisdiction-stripping provisions of the Administrative Procedure Act so long as the jurisdiction-stripping provisions of the INA do not apply, which, for the reasons noted in the brief and argued here today, we submit do not apply. Namely, the first subsection of 1252A2B just does not apply because this statute is not cross-referenced in that section. And the second one does not apply because there are meaningful standards of review as to the limitations or qualifications of discretion, which operate as an exception to the INA's blanket jurisdiction-stripping provisions. All right. Thank you, counsel. We thank counsel for their arguments. The case just argued is submitted. And with that, we are adjourned for the day and for the week.
judges: GRABER, BEA, BENNETT